UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CODY BREAUX | * CIVIL ACTION |
| | * NO.: 15-1387 |
| VERSUS | * |
| | * SECTION: " N " |
| MAESTRO SHIPPING S.A., | * |
| MASTERMIND SHIPMANAGEMENT | * MAGISTRATE: ( 1 ) |
| LTD., GOLDPEAK SHIPPING CO., | * |
| LTD., and NORTH OF ENGLAND P&I | |
| ASSOCIATION, LTD. | |

## ANSWER TO FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

Mastermind Shipmanagement Ltd., Goldpeak Shipping Co., Ltd., and North of England P&I Association, Ltd. (collectively, "Defendants"), for their answer and affirmative defenses to the First Supplemental and Amending Complaint for Damages of Plaintiff, Cody Breaux, aver as follows:

### FIRST AFFIRMATIVE DEFENSE

The First Supplemental and Amending Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has neither a right nor a cause of action.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over Defendants.

### FOURTH AFFIRMATIVE DEFENSE

The First Supplemental and Amending Complaint should be dismissed for insufficient process and/or insufficient service of process.

1

2667481-1

## **FIFTH AFFIRMATIVE DEFENSE**

AND NOW, further answering the specific allegations of Plaintiff's First Supplemental and Amending Complaint, Defendants aver, on information and belief, as follows:

I.

The allegations in Paragraph I of Plaintiff's First Supplemental and Amending Complaint are admitted.

II.

The allegations in Paragraph II of Plaintiff's First Supplemental and Amending Complaint state jurisdictional conclusions of law and do not require an answer from Defendants. To the extent an answer is deemed necessary, the allegations of Paragraph II of Plaintiff's First Supplemental and Amending Complaint are denied.

III.

The allegations in Paragraph III of Plaintiff's First Supplemental and Amending Complaint are denied, except to admit: that Mastermind Shipmanagement Ltd. is a foreign corporation and is the operator of the M/V MAESTRO EAGLE; that Goldpeak Shipping Co. Ltd. is a foreign corporation and is the registered owner of the M/V MAESTRO EAGLE; and that the M/V MAESTRO EAGLE is entered with the North of England P&I Association Ltd. for protection and indemnity cover.

IV.

The allegations in Paragraph IV of Plaintiff's First Supplemental and Amending Complaint are denied, except to admit that Goldpeak Shipping Co. Ltd. and Mastermind Shipmanagement Ltd. were the owner and operator, respectively, of the M/V MAESTRO

EAGLE at the time of the incident alleged in Plaintiff's First Supplemental and Amending Complaint.

V.

The allegations in Paragraph V of Plaintiff's First Supplemental and Amending Complaint are denied.

VI.

The allegations in Paragraph VI of Plaintiff's First Supplemental and Amending Complaint are denied.

VII.

The allegations in Paragraph VII of Plaintiff's First Supplemental and Amending Complaint, including but not limited to the allegations contained in all separately numbered and/or lettered subparagraphs of Paragraph VII, are denied.

VIII.

The allegations in Paragraph VIII of Plaintiff's First Supplemental and Amending Complaint, including Plaintiff's allegation of entitlement to an award of general punitive damages, are denied.

IX.

The allegations in Paragraph IX of Plaintiff's First Supplemental and Amending Complaint are denied. Further, Defendants specifically deny that Plaintiff is entitled to trial by jury of any of Plaintiff's claims, and further answer and aver that Plaintiff has waived any right to trial by jury.

2667481-1

X.

The allegations in Paragraph X of Plaintiff's First Supplemental and Amending Complaint are denied.

XI.

The allegations in Paragaph XI of Plaintiff's First Supplemental and Amending Complaint are denied.

XII.

Plaintiff's Prayer for Relief is denied.

XII.

Any allegation(s) not expressly admitted herein is denied.

### SIXTH AFFIRMATIVE DEFENSE

And now further answering in the alternative and only in the event that any responsibility or liability on the part of Defendants is established, which is specifically denied, Defendants aver that any injury or damage alleged in the First Supplemental and Amending Complaint was caused by the comparative and/or contributory fault or negligence of Plaintiff, Cody Breaux, thereby barring plaintiff's recovery, in whole or in part.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages as alleged, which is specifically denied, then such damages were caused solely, or at least contributed to, by the fault, neglect, acts, omissions, and/or inattention to duty of third parties over whom Defendants had no control and for whose actions or omissions Defendants are neither responsible nor liable, or were the result of superseding or intervening events, factors, occurrences, or conditions for which Defendants are not responsible.

2667481-1

### EIGHTH AFFIRMATIVE DEFENSE

In the event that Plaintiff sustained damages as alleged, which is specifically denied, then Defendants submit that Plaintiff Cody Breaux failed to properly mitigate his damages as required by law, all of which is pled in bar and/or diminution to any award to which Plaintiff might ultimately be found to be entitled, and Plaintiff is put on full proof of those alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Defendants alternatively allege that Plaintiff's injuries, if any, were the result of risks incidental to, and/or associated with, the duties and employment of the Plaintiff Cody Breaux, to which he knowingly and voluntarily subjected himself, thereby completely barring and/or reducing any recovery by Plaintiff against Defendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff Cody Breaux's injuries, if any, were caused or contributed to by his employer or other parties for whom Defendants are not legally responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff Cody Breaux did sustain any injuries, which is specifically denied, said injuries arose out of certain risks, dangers and hazards all of which were plainly observable, open, obvious and known to plaintiff and for which Defendants are not liable.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants aver that they are entitled to all benefits and limitations of the federal statutes pertaining to the limitation of liability of vessel owners, 46 U.S.C. §30501 et. seq., known as the Vessel Owners' Limitation of Liability Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff Cody Breaux's injuries, if any, were caused exclusively or contributed to substantially by an unavoidable accident for which Defendants are not liable.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to file supplemental and/or amending answers and defenses, based upon facts that may be developed from further information as this action progresses.

**WHEREFORE**, Defendants, Mastermind Shipmanagement Ltd., Goldpeak Shipping Co., Ltd., and North of England P&I Association, Ltd. pray that after due proceedings be had, there be judgment herein in favor of Mastermind Shipmanagement Ltd., Goldpeak Shipping Co., Ltd., and North of England P&I Association, Ltd., dismissing Plaintiff's claims, with prejudice, at Plaintiff's costs, or in the alternative, for limitation of liability in accordance with the provisions of the limitations of the Vessel Owners' Limitation of Liability Act, and for all further relief which the law and the facts of the matter may require.

Respectfully Submitted,

/s/ Alan R. Davis
DANIEL A. TADROS, T.A., #21906
ALAN R. DAVIS, #31694
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone (504) 585-7000
**Attorneys for Mastermind Shipmanagement Ltd., Goldpeak Shipping Co., Ltd., and North of England P&I Association, Ltd.**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 5th day of April, 2016, a copy of the foregoing has been filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management. All counsel of record are being served with this filing by either the court's electronic filing system or by email, telefaxing and/or placing a copy of same in the United States Mail, properly addressed and with adequate postage affixed thereon.

                                                                           /s/ Alan R. Davis

2667481-1