UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CODY BREAUX | CIVIL ACTION |
| VERSUS | NO. 15-1387 |
| MASTERMIND SHIPMANAGEMENT LTD., GOLDPEAK SHIPPING CO., LTD., And NORTH OF ENGLAND P&I ASSOCIATION, LTD. | SECTION "N" (1) |

## ORDER & REASONS

Before the Court is the "Motion to Strike Jury Demand" (Rec. Doc. 28), filed by the defendants, Mastermind Shipmanagement Ltd., Goldpeak Shipping Co., Ltd., and North of England P&I Association, Ltd. (collectively "Defendants"). The plaintiff, Cody Breaux ("Plaintiff"), opposes the motion. (*See* Rec. Doc. 30). Now, having considered the parties' submissions, the record, and the applicable law, the Court **DENIES** the motion.

### I. BACKGROUND

This case arises out of injuries that Plaintiff purportedly suffered while working for Triton Fumigation, L.L.C. as a fumigator/laborer onboard the M/V MAESTRO EAGLE on or about October 14, 2014. Specifically, Plaintiff alleges that while he was attempting to obtain ingress and egress from one of the vessel's cargo holds, a member of the crew caused the cargo hatch to roll over Plaintiff's right hand.

Plaintiff filed the instant lawsuit on October 29, 2014, in the 34th Judicial District Court of the Parish of St. Bernard, and did not request a jury trial. Three months later, Plaintiff amended his petition and added, as defendants, Mastermind Shipmanagement Ltd., Goldpeak Shipping Co., Ltd., and North of England P&I Association ("NEPIA"). Again, he did not demand a jury trial. On

April 28, 2015, NEPIA, the only defendant to have been served at the time, removed the suit on the basis of diversity jurisdiction.  On September 10, 2015, Defendants jointly filed their answer, and, on November 19, 2015, the Court issued a scheduling order, setting the matter for bench trial on August 15, 2016.[1]

A month later, on December 18, 2015, Plaintiff moved for leave to file an amended complaint (the "Amended Complaint"). The Amended Complaint asserts, for the first time, a jury demand "for all claims triable by jury." (Rec. Doc. 18 at ¶ IX).  Other changes include the addition of M/S MAESTRO EAGLE as an *in rem* defendant, additional bases of jurisdiction, and a claim for punitive damages on account of Defendants' "willful, wanton, arbitrary, and capricious" misconduct. (*Id.* at ¶¶ II, IV, and VIII). On January 8, 2016, after receiving no opposition from Defendants, the Court granted the motion for leave and allowed the Amended Complaint (with the jury demand) to be filed into the record.  (*See* Rec. Doc. 17). Five months later, on June 9, 2016, Defendants moved to strike as untimely the jury demand found therein, setting the instant motion for submission before this Court on July 6, 2016.

---

[1] In response to a consent motion to continue trial (Rec. Doc. 25), filed by Defendants on May 17, 2016, the Court continued the trial date from August 15 to November 14, 2016, in order to allow the parties additional time to depose transient crew members. (*See* Rec. Doc. 26).

The Court has since granted a motion by Plaintiff to extend the deadlines for completing depositions and discovery from September 15 to October 6, 2016; exchanging Plaintiff's and Defendants' expert reports from July 6 and August 5 to August 8 and September 9, 2016, respectively; and filing and exchanging exhibit and witness lists from August 5 to September 9, 2016. (*See* Rec. Doc. 29 and 33). The deadline for filing pre-trial motions, including dispositive motions, passed on August 30, 2016. (Rec. Doc. 29).

## II. LAW AND ANALYSIS

### A. Application of Rule 38 of the Federal Rules of Civil Procedure

Rule 38(b) of the Federal Rules of Civil Procedure entitles a party to a jury trial on any issue triable by a jury if a demand is made "no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. PRO. 38(b)(1). Under Rule 38(d), a party's failure to timely request a trial by jury constitutes a waiver of that party's right to a trial by jury. Here, the question is whether the claim raised by the Amended Complaint for punitive damages on account of Defendants' "willful, wanton, arbitrary, and capricious" misconduct can be considered a "new issue" within the context of Rule 38(b), such that Plaintiff is entitled to a trial by jury as of right.

In the Fifth Circuit, the rule regarding the timeliness of jury demands with respect to amendments is set forth in *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978), *overruled on other grounds*, *Thornburg v. Abbott*, 490 U.S. 401, 423-424 (1989). "A complaint 'raises an issue' only once within Rule 38(b)'s meaning when it introduces it for the first time. Amendments not introducing new issues will not give rise to a demand for a jury trial." *Id.* at 752 (citations omitted). "The term 'new issue' has been interpreted to mean new issues of fact and not new theories of recovery." *Id.* at 753 (citations omitted). In *Gallardo v. Gulf South Pipeline Co., L.P.*, 2005 WL 1309156, *2 (E.D.La 2005) (Engelhardt, J.), this Court borrowed the definition of "new issue" set forth by United States Court of Appeals for the First Circuit in *In re N–500L Cases*, 691 F.2d 14, 23 (1st Cir.1982):

> One issue is the same as another when it is based on the same conduct or concerns the same general area of dispute. If the factual allegations underlying the two claims are the same or if the issues turn on the same matrix of facts the issues are the same. It is both the similarity of facts and the similarity of the matrix-the legal framework in which the facts are analyzed-that makes issues the same. On the other hand, slight modifications in facts or in legal theories presented will not usually render issues different.

(internal citations and quotations omitted).

Here, the Court finds that Plaintiff's Amended Complaint does not introduce a "new issue." The addition of the punitive damages claim represents a slight modification of Plaintiff's legal theory — from mere negligence to willful and wanton conduct. The factual allegations underlying the claims, however, remain unchanged in the pleadings. In fact, they are, verbatim, the same. (*Compare Id.* at ¶ VII and Rec. Doc. 1-1 at ¶ IV). As a result, the amendment did not revive Plaintiff's right to demand a jury trial. Rather, Plaintiff should have asserted his demand no later than fourteen (14) days after Defendants filed their answer on September 10, 2015. Because Plaintiff waited to demand a jury until amending his pleading almost four months later, the Court finds that, pursuant to Rule 38(d), Plaintiff waived the right to a trial by jury.

Having found that Plaintiff's request to be untimely, the Court now turns to the issue of whether it may, in its discretion, permit the untimely demand under Rule 39(b).

### B. Application of Rule 39 of the Federal Rules of Civil Procedure

Rule 39(b) of the Federal Rules of Civil Procedure grants a district court discretion to order a jury trial despite a party's failure to comply with the fourteen-day requirement in Rule 38. *Daniel International Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). In exercising its discretion, a district court should grant an untimely request for a jury trial "in the absence of strong and compelling reasons to the contrary." *Id.*

When considering whether to order a jury trial using its discretion under Rule 39(b), the Court of Appeals for the Fifth Circuit has instructed the district courts to consider the following five factors: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the

degree of prejudice to the adverse party; (4) the length of delay in making the request; and (5) the reason for the delay in making the request. *Id.*

Here, the Court finds that these factors militate in Plaintiff's favor. First, this matter is a personal injury case of the type routinely, and perhaps best, tried by juries. Second, changing from bench to jury trial poses no disruption to the Court's calendar. Third, while the reason for the delay remains unclear, its duration of three months was not significant – particularly in light of the fact that Plaintiff filed the Amended Complaint almost eight months prior to the original trial date, which has since been continued an additional three months, at the request of Defendants. Finally, and most importantly, Defendants can hardly complain of resulting prejudice or inconvenience, considering they failed to respond to Plaintiff's motion for leave to file the Amended Complaint, which the Court granted after it had been properly noticed for submission on January 6, 2016. In effect, the present motion represents Defendants' opposition – only, received by this Court five months late. Accordingly, the Court finds there to be no compelling reason to strike Plaintiff's jury demand from the Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion to Strike Jury Demand (Rec. Doc. 28) is **DENIED**.

New Orleans, Louisiana, this 13th day of September 2016.

_____
**KURT D. ENGELHARDT**
**United States District Judge**